**Electronically Filed
Intermediate Court of Appeals
30708
28-FEB-2011
08:07 AM**

NO. 30708

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHAWN FERNANDEZ and SUZETTE FERNANDEZ, Plaintiffs-Appellees, v.
AMBROSE S. FERNANDEZ, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC09-1-0274)

ORDER GRANTING FEBRUARY 11, 2011 MOTION TO DISMISS APPEAL
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiffs/Counterclaim-Defendants/
Appellees Shawn Fernandez and Suzette Fernandez (the Appellees)
February 11, 2011 motion to dismiss Defendant/ Counterclaim-
Plaintiff/Appellant Ambrose Fernandez's (Appellant Ambrose
Fernandez) appeal from the Honorable Christopher P. McKenzie's
June 10, 2009 "Order Granting Plaintiffs' Oral Motion for
Dismissal of Plaintiffs' Complaint with Prejudice" (the June 10,
2009 order dismissing the Appellees' complaint), (2) Appellant
Ambrose Fernandez's February 22, 2011 "Reconsideration Motion to
Dismiss Appeal," which we deem to be a memorandum in opposition
to the Appellees' February 11, 2011 motion to dismiss, and

(3) the record, it appears that we do not have jurisdiction over this appeal because Appellant Ambrose Fernandez's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).[1]

Pursuant to Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010),

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The June 10, 2009 order dismissing the Appellees' complaint appears to be the last in the series of documents that gave finality to this case by dismissing the Appellees' complaint, leaving nothing further to be adjudicated. Therefore, the district court's June 10, 2009 order dismissing the Appellees' complaint is an appealable final order under HRS § 641-1(a).

However, Appellant Ambrose Fernandez did not file the August 23, 2010 notice of appeal within thirty days after entry of the June 10, 2009 order dismissing the Appellees' complaint, as HRAP Rule 4(a)(1) required. Therefore, Appellant Ambrose Fernandez's appeal in Appeal No. 30708 is untimely. The failure

---

[1] The Appellees also argue that this appeal should be dismissed because Appellant Ambrose Fernandez was not aggrieved by the appealable order. We need not address this claim because we conclude the appeal was untimely.

to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Accordingly,

IT IS HEREBY ORDERED that Appellees' February 11, 2011 motion to dismiss Appeal No. 30708 is granted.

We decline to rule piecemeal on Appellees' request for fees and costs. If Appellees seek attorney's fees and costs, they should file an appropriate motion identifying the specific amount claimed with supporting documentation.

DATED: Honolulu, Hawai'i, February 28, 2011.

Chief Judge

Associate Judge

Associate Judge